# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

IN RE DAVID C. EALY
LARRY E. EALY., SR.,

                Petitioner,          :    Case No. 3:16-cv-075

    - vs -                        District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

SEMOINE CHILDS, et al.,
                            :

                Respondents.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was before the Court for initial review upon filing on March 3, 2016. The Petition in this case challenges the custody of David C. Ealy, whom Petitioner alleges is his biological child. Although some different Respondents are named, the allegations are materially the same as those made in *Ealy v. Childs*, Case No. 3:15-cv-079. In that case, as in this one, Mr. Ealy filed a habeas corpus petition without naming the person who allegedly has custody of the child. Without that identity, the Court is unable to issue a proper show cause order in habeas. Furthermore, as in the prior case, Petitioner had referenced a large number of supposed exhibits to the Petition which are not in fact attached. Noting these facts, the Court ordered Petitioner to file, not later than March 14, 2016, an amended petition naming the actual custodian of his son and attaching therefor any exhibits referred to in the body of the amended petition.

Petitioner was cautioned that failure to comply would result in dismissal of the Petition

for want of prosecution. Petitioner has not responded and it is accordingly recommended that the

Petition be dismissed for want of prosecution.


March 21, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).